## MELVIN SKAGGS v. WILLIS J. ZINKEN, SPECIAL ADMINISTRATOR OF ESTATE OF TERRANCE ZINKEN.

196 N. W. 2d 290.

March 24, 1972—Nos. 43005, 43359.

*Miley & Reding* and *James A. Reding,* for appellant.
*John F. Fletcher,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, and Peterson, JJ.

PER CURIAM.

This is an action to recover damages for personal injuries sustained in an explosion which plaintiff asserts was caused by the negligent handling of fireworks by defendant's decedent. The jury awarded plaintiff $45,000, and defendant appeals from an order denying a new trial or judgment n. o. v. We affirm.

The evidence discloses that on June 23, 1968, plaintiff and his family were visiting at the farm of Eugene Undersander in Waite Park when decedent, Terrance Zinken, began discharging fireworks which he obtained from the trunk of his car. Zinken was standing about a foot from the open trunk when he lighted an entire package of firecrackers. Plaintiff testified that within moments he saw Zinken moving his hand, and there was an explosion which blew up and burned the automobile. Zinken and two other bystanders were killed and plaintiff injured.

1. Defendant complains that it was error to apply the doctrine of res ipsa loquitur because there was no direct evidence of what was in the trunk of the car or how the explosion occurred. Since Zinken was killed, it is argued that his representative is in no better position to know the cause of the accident than plaintiff. On that issue, the trial court had this to say in his memorandum:

"* * * [A]ll of the testimony in the case tended to show that the large explosion emanated from the trunk of Defendant's vehicle, and that while only the defendant had actual knowledge of the nature and quantity of the explosives contained in the trunk, the magnitude of the explosion, the exploded and unexploded fireworks observed in and around the vehicle after the explosion, and all of the other circumstances surrounding the accident, could leave no doubt whatsoever that this explosion could not have occurred from any other substance or thing other than the materials which the Defendant was knowingly carrying in the trunk of his vehicle and which were under his control just prior to the occurrence of the accident.

"There is nothing in the record to indicate that any person other than the defendant had entered this vehicle or interfered with its contents, or engaged in any voluntary act which could have caused or contributed to the explosion.

"It seems quite clear that the explosion in this case was of the kind which could not have occurred in the absence of someone's negligence and the defendant's conduct in igniting the whole package of firecrackers while standing by the open trunk of his vehicle, together with the complete absence of evidence tending to establish any voluntary conduct or act on the part of Plaintiff or others that could have contributed to this explosion, might properly have prompted the Court to rule that an inference of negligence on the part of Defendant must necessarily be drawn.

"However, the Court *did not so rule* but instead submitted the whole issue of negligence to the jury."

We are in accord with these views.[1] This is not the kind of an accident which ordinarily occurs without negligence. The fact that the person at fault was killed does not deprive plaintiff of the benefit of the rule.

2. In an apparent effort to prevent the jury from considering damages resulting from a previous injury, the court charged:

"* * * You are not to consider any injuries which the plaintiff may have sustained prior to June 23, 1968 * * *."

While defendant now construes this as permitting recovery for injuries unrelated to the accident, we hold that although the charge was ambiguous, it was, at most, harmless error. In any event, defendant failed to call the matter to the attention of the court at the conclusion of the charge, as required by Rule 51, Rules of Civil Procedure, and therefore he may not now raise the issue.

3. Finally, defendant complains of the fact that he received no notice of plaintiff's intention to interrogate one of plaintiff's doctors concerning injury to plaintiff's ears. The report which was furnished defense counsel was limited to an examination of plaintiff's eyes. The trial court commented on this matter as follows:

"Defendant was furnished with a written report prior to the testimony and the Court, in fact, offered to delay the testimony to permit Defendant's counsel to interrogate Dr. Gaida in chambers, which was declined. Dr. Gaida's testimony simply corroborated and updated the testimony of Dr. Koop and there was nothing in Dr. Gaida's testimony which came as any surprise to the Defendant."

We agree defendant has shown no prejudice.

4. We have considered other issues presented by defendant's brief which were not orally argued and find them to be without merit.

Affirmed.

---

[1] Selby v. Osage Torpedo Co. 112 Okla. 303, 241 P. 130 (1925); Vandiver v. Wilson, 246 S. W. 2d 650 (Ky. 1969).